UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CASE NO. 1:01CR62 |
| Plaintiff, ) | |
| ) | |
| v. ) | Judge John R. Adams |
| ) | |
| DESHUN WELLS, ) | ORDER |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is Defendant Deshun Wells' motion in which he moves pursuant to 18 U.S.C. § 3582(c) for a reduction in his sentence under the Fair Sentencing Act of 2010, Pub.L. No. 111–220, 124 Stat 2372 (2010) ("FSA") and Amendment 750 ("Amendment 750") to the United States Sentencing Guidelines. The motion is DENIED.

Amendment 750, which became effective November 1, 2011, made retroactive changes to the Sentencing Guideline's drug quantity tables for crack cocaine offenses to account for the FSA's substantial increase in the threshold quantities of crack cocaine required to trigger the mandatory minimum penalties set forth in 21 U.S.C. § 841(b). "Stated generally, the practical effect of the Sentencing Commission's actions is that certain federal defendants convicted of offenses involving crack cocaine may be eligible for a reduction in their current sentences, pursuant to 18 U.S.C. § 3582(c)(2)." *United States v. Turner*, 2011 WL 4704277, at *1 (W.D.Va. 2011).

18 U.S.C. § 3582(c)(2) allows a district court to reduce a previously imposed sentence where (1) the defendant was sentenced "to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

> The Supreme Court described § 3582(c)(2) as establishing a two-part inquiry. *See Dillon v. United States*, 130 S.Ct. 2683, 2691–92 (2010). First, a court must determine whether a defendant is eligible for a reduction consistent with the applicable Guidelines policy statement, here, U.S.S.G. § 1B1.10. …
>
> Second, the court must consider whether and to what extent any authorized reduction is warranted in the particular case. *See Dillon*, 130 S. Ct at 2691–92. This inquiry "shall" include consideration of the § 3553(a) factors and "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment," and "may" include consideration of the "post-sentencing conduct of the defendant that occurred after the imposition of the original term of imprisonment." U.S.S.G. § 1B1.10, note 1.

*United States v. Nesbitt*, 420 Fed. Appx. 541, 545 (6th Cir. 2011).

The Government agrees that Wells is eligible for a sentencing reduction. In so doing, the Government notes that Wells' original guideline range was 210 to 262 months and a colleague on this bench sentenced him to 250 months. Wells then sought a reduction pursuant to Amendment 706. His new guideline range was 168 to 210 months and the prior judge reduced his sentence to 200 months. The Government, therefore, argues that any sentence reduction should result in a higher end of the Guidelines sentence. However, following an analysis of the § 3553(a) factors, the Court cannot agree that a reduction is warranted for Wells.

As contained in § 3553(a), the Court must examine the danger to the community that may be posed by a reduction to Wells' sentence. In so doing, the Court has examined Wells' criminal history as well as the nature and circumstances surrounding the conviction that resulted in his current term of imprisonment.

On November 10, 2000, Wells was stopped by Cleveland Police Officers for driving at 4:00 a.m. without the use of his headlights.  Officers immediately observed crack cocaine in a clear plastic bag in the interior of Wells' vehicle.  Wells was the sole occupant of the vehicle.  Wells then resisted a full pat down by the officers and a physical altercation ensued.  In fact, when officers sought to pat down Wells' left side, he sought to flee the scene and was tackled ten to twelve feet from the vehicle.  The arresting officers indicated that it was a lengthy altercation during which they struggled to subdue Wells.  Moreover, the officers also indicated that at least once during the altercation, Wells attempted to reach his right hand into his waistband, a move which the officers believed meant he was attempting to remove a concealed weapon. Shortly thereafter, a .45 caliber Colt pistol fell from Wells waistband.  Still unable to subdue Wells, the two arresting officers called for back-up assistance.   With the aid of additional officers, Wells was finally subdued. Ultimately, it was determined that Wells possessed 46.2 grams of crack cocaine.

Wells' conduct giving rise to his federal conviction was similar to his history.  On November 21, 1991, Wells was charged with carrying a concealed weapon.  When officers attempted to stop Wells' vehicle, he threw a small object out the driver's door.  Officers then found a .38 caliber pistol under the passenger seat and 8 "rocks" of crack.  On April 24, 1992, Wells was arrested and charged with drug trafficking.  On that occasion, Wells was observed selling 11 "rocks" of crack to a female.  On June 23, 1993, Wells was stopped by officers because his vehicle matched the description of a vehicle used in homicide.  At that time, officers found two "rocks" of crack in the vehicle, and Wells was charged with drug abuse.  On January 21, 1994, Wells' vehicle was stopped after fleeing the scene of drug activity.  Wells was charged with an open container violation and carrying a concealed weapon.  The latter charge arose because officers found a loaded .38 caliber pistol in the arm rest of the vehicle.

Wells criminal history continued on March 15, 1994 when he was charged with drug abuse. On this occasion, Wells was a passenger in a vehicle with two other individuals that had felony warrants. When the vehicle was stopped, Wells threw a plastic bag of marijuana under his seat. Moreover, crack was found in the trunk of the vehicle. On July 19, 1994, Wells was charged with fleeing and eluding. During an investigation at a local hotel, Wells was observed leaving in a vehicle. Officers attempted to stop the vehicle, but Wells refused to heed their commands and operated the vehicle in excess of 100 miles per hour. On July 24, 1996, Wells was charged with drug possession. Following an anonymous tip, officers stopped Wells in a vehicle and found crack on the front passenger seat floor. Finally, Wells was charged with failure to comply on September 29, 1996. On that occasion, a female began yelling for police assistance. Officers approached the scene and found Wells in a vehicle. Officers ordered him to remain on the scene, but he drove off in violation of their commands. He was arrested minutes later after crashing into two other vehicles.

While he had no other convictions, Wells was arrested on at least five other occasions. The initial charges for those arrests included domestic violence, possession of criminal tools, grand theft, drug possession, and assault on a police office. It should be noted that Wells' criminal history started at age 18 and continued unabated until his federal sentence.

Despite this history, Wells contends that he is a good candidate for a sentence reduction because of his success during his incarceration. As noted above, this is a proper consideration for the Court to review. During his incarceration, Wells has completed a drug abuse education course and numerous educational courses. Further, Wells has remained discipline free while incarcerated.

Wells' conduct during his period of incarceration, however, cannot outweigh the danger he

poses to the public. While the prior judge assigned to this matter allowed for a sentencing reduction, the undersigned is not bound by that decision. A review of Wells' conduct leading to the instant conviction, along with his criminal history, indicates that he is a significant danger to the public.

     IT IS SO ORDERED.


    June 21, 2012                                        */s/ John R. Adams*
Date                                                        Judge John R. Adams
                                                                United States District Court